OPINION OF THE COURT — by
Chief Justice TURNER.
This cause being referred to this court on doubts of the judge, as to the law, it appears, by the report of the judge, and the statement of the counsel of the parties, thet the following facts were in proof before the jury, to wit: that Sarah B. Bradford the plaintiff’s testatrix died in the county of Amite in this state, possessed of the slaves in the declaration mentioned, that she claimed and exercised the ownership of said slaves for several years, next' before the time’of her decease..
That a deed was made by said Sarah under which the defendant claims title to said slaves, that said Sarah was a married woman at the time she made said deed, having been married to one Bradford in Louisiana, but *323 had separated from him, and lived separate and apart from him from the time of the separation until she died; that on her death, the defendant took possession of the slaves in question.
Other evidence was given, which it is not necessary here to state.
The following questions were raised on the motion for a new trial. 1st, Whether the court erred in not allowing the.plaimiff to read to the jury a copy of the wilLof said testatrix, which was offered by the plaintiff. 2d. Whether the defendant’s title paper aforesaid is a deed or a will. 3d. Whether, if said deed was executed by said Sarah, whilst she was a married woman, the said verdict is not against law and evidence, said deed being the defendant’s only evidence of title to said slaves.
It further appeared, that on the trial before the jury, the presiding judge left it to the jury to decide whether the defendant’s title paper was a will or not, under all the evidence before them in relation thereto.'
As the plaintiff sues as executor, and does not claim title in said slaves, by virtue of said will, but by virtue of the ownership of said slaves said Sarah during her life and at the time of her death, the toll of tfo deceased is not considered any evidence of title, in this suit, j*id was properly ruled out by the court — the will is not in issue— it U not the evidence on which the plaintiff sues. The will, being probated entitles the plaintiff to his letters testamentary, which letters are a part of tee record, proferí being made thereof, and are admitted by the defen*nt;,s plea.
But, the court is satisfied, that the verdict V against law and evidence, inasmuch as the defendant claims title t' those slaves, by virtue of the deed aforesaid, and that alone, and h was i*1 proof that at the time of its execution, Mrs. Bradford was a covert.; and had no power to make such a deed. . This paper belJo ruled out, the defendant has no other-evidence of title.
This objection to me defendant’s title, does not apply to the plaintiff’s right to sue, for ¿wo reasons: 1st. Because the will of Sarah Bradford has been proved and admitted to record, and is binding and operative, until legally set aside, in an appropriate suit; 2nd. Because a married woman may, under certain circumstances make a will, and the proper form, in the first instance, to try the matter, is the probate court, and it is not considered competent for this court to try it in this way.